Filed 10/7/21  P. v. Henning CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAISEN LEE HENNING,<br><br>    Defendant and Appellant. | C092472<br><br>(Super. Ct. No. 62071378) |

In 2008, defendant Jaisen Lee Henning was sentenced to an aggregate prison term of 17 years four months for his convictions for attempted robbery, burglary, assault with a firearm, and evading an officer, along with numerous firearm enhancements.  We upheld this judgment in a published opinion issued October 14, 2009, case No. C060371.  (*People v. Henning* (2009) 178 Cal.App.4th 388, 392.)  Thereafter, on October 11, 2017, the Governor signed Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended Penal

Code sections 12022.5 and 12022.53, effective January 1, 2018 (Stats. 2017, ch. 682, §§ 1-2), to permit a trial court to strike a firearm enhancement: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."

On September 20, 2019, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court invoking the authority of Penal Code section 1170, subdivision (d)(1)[1] and urging the trial court to recall defendant's sentence and resentence him in light of the court's new discretion to strike the firearm enhancements under sections 12022.53, subdivision (h) and 1385. The trial court never affirmatively recalled defendant's sentence and ultimately denied the motion to recall and strike the firearm enhancements in a hearing on August 7, 2020. Defendant now appeals arguing the trial court abused its discretion in refusing to strike at least one of his firearm enhancements because "[o]n balance, the mitigating factors outweigh the aggravating factors." We disagree and affirm.

BACKGROUND

To facilitate our review, we will incorporate the facts and proceedings from defendant's previous appeal, *People v. Henning, supra*, 178 Cal.App.4th at pp. 392-394:

"On the afternoon of July 7, 2007, defendant finished a 10-hour session of playing the video game Grand Theft Auto: San Andreas. Grand Theft Auto engages players in 'missions' to commit murder, drive-by shootings, burglary, other violent crimes, and theft. A player learns of missions from other characters in the game.

---

[1]     Undesignated statutory references are to the Penal Code.

"Defendant was hallucinating while playing Grand Theft Auto. He had been awake for about a week due to his use of crystal methamphetamine. Every day that week, defendant used some combination of methamphetamine, alcohol, Ecstasy, crack cocaine, and hallucinogenic mushrooms.

"As he finished playing the video game, defendant imagined voices from a little green person telling him, 'It's time to do this. You can do this. Let's do this.' He got into his car and drove to a randomly chosen location.

"Shortly before 3:00 p.m., defendant walked into the Rocklin Days Inn lobby wearing a black ski mask and gloves, and carrying a sawed-off shotgun. [V.V.], a Days Inn employee, and [B.S.], a plumber contracted by Days Inn, were standing behind the counter. Defendant told [B.S.] to hang up the telephone on which he had been speaking.

"Pointing the gun at [V.V.], defendant ordered him to open the drawers behind the counter. Defendant then pointed the gun at [B.S.], and ordered him to open the drawers. [B.S.] explained he could not open any drawers because he was a plumber and not an employee of the Days Inn. [V.V.] hid behind [B.S.] and stated that he worked for [B.S.] Defendant seemed surprised by the responses of [B.S.] and [V.V.], and he stopped to think. After a minute, defendant instructed them to hand over their wallets.

"[B.S.] refused to surrender his wallet, but offered defendant the $2 it contained. Defendant then noticed his car was rolling down the inclined driveway, and ran after it without taking anything.

"Placer County Sheriff's Detective Michael Davis was running an errand during his vacation when he happened to drive by the Days Inn. Davis noticed a car blocking the street in front of the Days Inn. He then saw defendant run out of the Days Inn and get into the car, still wearing a mask and holding a shotgun. Davis followed defendant as he sped away. Davis called his dispatcher and described the vehicle and its location. He was unable to relay the license plate number because it had been obscured by duct tape.

3

"Officers in marked police vehicles took over the pursuit. Defendant led the police on a high-speed chase in which he drove erratically through heavy traffic. He was apprehended after the police forced him to turn into a parking lot.

"Defendant was taken out of his car and handcuffed. He appeared calm. A search of the car yielded a backpack containing a sawed-off shotgun.

"In July 2008, the Placer County District Attorney filed an amended information charging defendant with burglary (§ 459), two counts of attempted robbery (§§ 211, 664), two counts of assault with a firearm (§ 245, subd. (a)(2)), evading a police officer (Veh. Code, § 2800.2, subd. (a)), and possession of a sawed-off shotgun ([ ]§ 12020, subd. (a)(1)). The information further alleged defendant used a firearm in committing the attempted robberies and assaults. ([§]§ 12022.53, subd. (b), 1203.06, subd. (a)(1).)

"Defendant pled not guilty, and the matter was tried to a jury. The jury found defendant guilty on all counts and found true the arming enhancement allegations.

"The trial court sentenced defendant to an aggregate prison term of 17 years four months, comprised of two years for attempted robbery, eight months for the second attempted robbery, eight months for evading police officers, a 10-year enhancement for use of a firearm in committing the first attempted robbery, and another three-year four-month enhancement for use of the firearm in the second attempted robbery. Sentences for the burglary, and two counts of assault with a firearm were stayed pursuant to section 654."

As noted above, after the passage of Senate Bill No. 620, CDCR sent a letter to the trial court invoking the authority of section 1170, subdivision (d)(1) and urging the trial court to recall defendant's sentence and resentence him in light of the court's new discretion to strike the firearm enhancements under sections 12022.53, subdivision (h) and 1385. The court reappointed counsel to represent defendant and briefing concerning the propriety of recalling defendant's sentence ensued, with the People opposing the recall and defendant supporting it.

4

Ultimately, the court held a hearing on whether defendant's sentence should be recalled and subject to resentencing, with defendant attending via video conference. The judge noted that he had presided over defendant's trial, had reviewed his trial notes, the court's file, and remembered the case and testimony. The court also reviewed and considered the postconviction conduct and behavior materials. The court heard argument from the parties and then ruled: "And so having considered all of the original aggravation factors that the Court considered back in 2008 and having been reminded of that in the People's opposition here and having a recollection of the evidence in the trial and even taking into account the Defendant's time in prison and the case summary provided, on balance, as the Court weighs all those factors, the Court in exercising its discretion, declines to strike any of the enhancements that were imposed at that time and specifically here, I think, as we've narrowed it down, the enhancement imposed under Count 3, which was a three-year, four-month enhancement under section 12022.53, subd[ivision] (b). [¶] So the motion to strike that enhancement, having considered all the factors, is denied, and the court would let stand the original sentence and reimpose the original sentence, if that's necessary at this point. [¶] So that's the court's finding on this point. . . ." Defendant timely appealed.

DISCUSSION

A trial court generally has no jurisdiction to change a criminal defendant's sentence once execution of the sentence has commenced. (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Antolin* (2017) 9 Cal.App.5th 1176, 1179.) Section 1170, subdivision (d)(1), "is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; *People v. Humphrey* (2020) 44 Cal.App.5th 371, 377.) Under that subdivision, the trial court "may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of [certain officials including the CDCR] *recall the sentence and commitment previously ordered and resentence the*

5

*defendant in the same manner as if they had not previously been sentenced . . . .*" (§ 1170, subd. (d)(1), italics added.)  If the request is initiated by the CDCR or other officials, the court may also reduce the sentence if postconviction factors show a diminished risk of future violence.  (*Ibid*.)  If the court agrees to recall and modify the sentence, it "has jurisdiction to modify every aspect of the sentence and not just the portion subjected to the recall."  (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [the "full resentencing rule"]; *Humphrey*, at pp. 377-378.)

CDCR can only recommend to the trial court that it recall and resentence the defendant.  The court retains the authority to accept or decline the CDCR's recommendation.  (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866; see also *People v. Delson* (1984) 161 Cal.App.3d 56, 63-64 [court did not abuse discretion in rejecting CDCR's recommendation to recall and resentence defendant under former section 1170, subdivision (d)].)  This is apparent from the statute's use of permissive, not mandatory, language—using the verb "may," not "shall."  (§ 1170, subd. (d)(1).)  If the court chooses to recall and resentence the defendant, it must give some indication that it is doing so.  (*People v. Humphrey, supra*, 44 Cal.App.5th at p. 378.)

We review the trial court's decision on a recommendation to recall under section 1170, subdivision (d)(1) for an abuse of discretion.  (*People v. Frazier, supra*, 55 Cal.App.5th at p. 863; *People v. McCallum* (2020) 55 Cal.App.5th 202, 211.)  A trial court abuses its sentencing discretion when its decision is arbitrary or capricious, inconsistent with the letter and spirit of the law, or based on circumstances that constitute an improper basis for decision.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *McCallum*, at p. 211.)

Here, defendant complains that his factors in mitigation *outweighed* the factors in aggravation such that the trial court should have granted his request for recall and resentencing, which was possible because of the CDCR's letter recommending his recall and resentencing.  (See *People v. McCallum, supra*, 55 Cal.App.5th at pp. 216-217

6

[recognizing a defendant's right to request briefing and present relevant evidence following a CDCR recommendation for resentencing].)  This misapprehends the scope of our appellate review.  It is incumbent upon defendant to show that the trial court's sentencing determination "was so irrational or arbitrary that no reasonable person could agree with it."  (*People v. Carmony* (2004) 33 Cal.4th 267, 377.)  Having failed to do so, we are without jurisdiction to substitute our own judgment for the court's discretionary sentencing determinations.  (See *Id.* at p. 377 [" '[a]n appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge' "].)

DISPOSITION

The judgment is affirmed.


/s/
BLEASE, Acting P. J.



We concur:



/s/
ROBIE, J.



/s/
KRAUSE, J.